**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elseddig Musa,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Footprint LLC,<br><br>　　　　　Defendant. | No. CV-24-02980-PHX-DJH<br><br>**ORDER** |

Before the Court is Footprint, LLC's ("Footprint") Motion to Dismiss the entirety of Plaintiff Elsseddig Musa's ("Musa") Complaint in its entirety. (Doc. 13). Musa filed Response opposing the Motion to Dismiss. For the reasons stated below, the Court will grant the Motion to Dismiss in part and deny it in part.

**I.    Background**

Musa states in his Complaint that he holds a BS degree in electrical engineering and an MBA. At the time of his employment with Footprint, he had a BS degree. (Doc. 1 at ¶ 2). He attained the MBA later. (*Id.*) To obtain employment back in 2021, he went to a staffing agency by the name of Liberty Staffing. (*Id.* at 7). After interviewing Musa and having him fill out an application, Liberty Staffing referred him to Footprint. (*Id.*) Musa avers that he never hid his felony conviction, and in fact disclosed it on his application form. (*Id.*) While Musa initially started out working in production at Footprint, he was elevated to a position as a machine operator. (*Id.*) On the recommendation of his direct manager, Musa started the process of becoming a full-time employee with Footprint on

about March 2022. (*Id.*) Musa considers a full-time position a promotion in his Complaint and refers to it as such. (*Id.* at 9). According to Musa, this is when things started to fall apart. He says that while he was awaiting his promotion, he started to feel unwelcome at work, particularly with Human Resources ("HR"). (*Id.* at 12). Musa believes that the genesis of the deterioration of his relationship with HR has its root in his religious practices. (*Id.*) To adhere to his faith properly, he alleges he found a place to pray three times a day while at work. (*Id.*) Then, after his background check for his full-time employment came back positive for a 2016 conviction, he says he was terminated on March 30, 2022. (*Id.* at 13, 14 & 16). Now, he brings the following three claims against Footprint: (1) disparate impact under Title VII of the Civil Rights Act; (2) disparate treatment under Title VII of the Civil Rights Act; and (3) a count three that only lists "Title VII." (Doc. 1 at 4–5). The Motion to Dismiss is denied as to counts one and two and granted for count three.

## II.     Legal Standard

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a 12(b)(6) motion, the Court takes the plaintiff's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual

allegations are not entitled to a presumption of truth and are not sufficient to defeat a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. A complaint does not need to have detailed factual allegations, but it must have more than a "the-defendant-unlawfully-harmed-me accusation." *Id.*

### III. Discussion

The Court finds that Musa has alleged enough facts to withstand a motion to dismiss for both his disparate impact and disparate treatment claim. He has not for count three of his Complaint, but the Court will allow leave to amend.

### A. Disparate Impact

Footprint disputes that Musa has properly alleged the elements of a disparate impact claim or identified the discriminatory policy at issue. (Doc. 13 at 5–6). In opposition, Musa claims he has identified enough factual details to conform to the elements of a claim as required under Title VII. (Doc. 15 at 2). The Court agrees.

Under the disparate impact theory, a plaintiff is not required to prove intentional discrimination to demonstrate that an employer has violated Title VII. *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 986 (1988). An employer can be found to have violated Title VII, and section 703 specifically, if a facially neutral employment practice has significant adverse effects on protected groups. *Id.* The support for a disparate impact claim is usually found in statistical disparities and the focus is on competing explanations for these disparities. *Id.* A necessary premise of a disparate impact claim is that some employment practices, although endorsed without a deliberately discriminatory motive, practically function as intentional discrimination. *Id.* at 987. A prima facie case requires the following elements: "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practice or criteria and the disparate impact." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir, 2002).

At this stage of the proceedings, Plaintiff has alleged enough for a viable disparate impact claim. Musa stated in his Complaint that he is a Muslim. (Doc. 1 at 1). He identified

background checks as the employment practice or policy at issue in his Complaint. (Doc. 1 at ¶¶ 13, 14, 17 & 20). Then, he stated the following: "[M]uslims along with Blacks and Latinos have higher rates of arrest and conviction rates then do whites." (Doc. 1 at 5–6). Put simply, Musa is stating that Footprint's background check and screening practices have a significant disparate impact on Muslims because they suffer from higher rates of arrest. In turn, this leads to disqualifying them from employment. In other words, while the practice is facially neutral, it has a discriminatory effect on Muslims. Nothing more is required from Musa at the motion to dismiss stage and his disparate impact claim may go forward. *Ashcroft,* 556 U.S. at 678 ("A claim has facial plausibility when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' "). *Id.*

### B. Disparate Treatment

Footprint argues that Musa's claim for disparate treatment does not meet the elements required for such a claim. (Doc. 13 at 7–8). By not mentioning his exact race, according to Footprint, Musa cannot bring a race discrimination claim as part of his disparate treatment claim. (*Id.* at 9). According to Footprint, Musa also failed to point to a "similarly situated" employee who received more favorable treatment than he did. (*Id.* at 8). Musa disagrees and states that he has made out a prime facie case for disparate treatment for both his race and his religion. (Doc. 15 at 4). The Court also disagrees with Footprint that Musa has not alleged enough to withstand a motion to dismiss as to this claim.

Unlike a disparate impact claim, disparate treatment claims require discriminatory motive on the part of the employer when adopting a challenged policy. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, fn. 15 (1977). Mere awareness the employer might have had about the adverse impacts of the policy is not enough. *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 279 (1979). The plaintiff must show that the employer chose a specific policy because of its effect on protected classes. *Id.* The elements for disparate treatment are as follows: (1) plaintiff is part of a protected class; (2) plaintiff is qualified for the position at issue; (3) he suffers from an adverse

employment action; and (4) similarly situated individuals outside of the plaintiff's protected class are treated more favorably than he is. *Davis v. Team Elec. Co.,* 520 F.3d 1080, 1089 (9th Cir.2008).

Musa has also stated enough to go forward on his disparate treatment claim. He is a member of a protected class because he is a Muslim and because of his race. He says he was qualified for his position: "[H]R flagrantly ignored Musa's superior credentials for full time employment and instead terminated a valuable and productive employee based on HR's religious prejudice and Musa's race." (Doc. 1 at 6). Musa suffered an adverse employment action by not being offered a full-time role with Footprint. He goes on to claim that "A co-worker in his department with skills inferior to Musa's had a conviction. That employee was placed on full-time status at the same time Musa was terminated allegedly due to a years old convictions superseded by consistent high performance and his degrees." (Doc. 1 at ¶ 20). Essentially, he is saying that someone similarly situated, also with a conviction, but not a Muslim, and not Musa's race, was treated more favorably than he was. Musa specifies this assertion in his Response to Footprint's Motion to Dismiss: "Plaintiff alleges a similarly situated individual with a conviction but of a different protected background was treated more favorably." (Doc. 15 at 4). And while Footprint clings to the argument that Musa did not identify his race, he very cleared identified it in his EEOC Complaint and his Response to Footprint's Motion to Dismiss. (Doc. 13-1 at 2–3., Ex. A, EEOC and Civil Rights Division Complaint; *see also* Doc. 15, Response to Motion to Dismiss ("Plaintiff was denied a full-time opportunity based on Defendant's discriminatory application of background check policies, disproportionately affecting Muslims and Africans.")). These allegations suffice at this stage. *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008) (stating that the Court construes the well-pleaded factual allegations as true).

### C. Count III of the Complaint

The third Count of the Complaint, contrary to the other two, has not stated enough

to withstand a motion to dismiss. It generally pleads the following:

> Footprint's termination of Musa was wrongful and illegal pursuant to the Civil Rights Act of 1964, 42 U.S.C. A. 2000e et. seq. and caused Musa to suffer actual damages for loss of income and emotional distress entitling Musa to an award of damages in an amount to be established in this action.

As plead, the Court cannot make out a claim and conclusory allegations are not sufficient to withstand a motion to dismiss. However, the Court will allow Musa leave to amend his Complaint.

## IV. Service and Exhaustion of Administrative Remedies

Footprint also argues that Musa did not timely file his EEOC Complaint, did not exhaust his administrative remedies, and did not properly serve Footprint. The Court does not find that any of those arguments warrant dismissal of the lawsuit at this stage.

### i. Timeliness of Musa's EEOC and Civil Rights Division Claim

It is certainly true that Musa needs to have filed a timely charge with the EEOC and timely acted upon his right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e)-(f); *see also Myers-Desco v. Lowe's HIW, Inc.*, 484 Fed. Appx. 169, 171 (9th Cir. 2012). For a charge to be timely filed, it needs to have been filed within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1). The 180-day deadline is extended to 300 days if the charge is initially filed with a state agency that enforces its own anti-discrimination laws. *EEOC v. Dinuba Medical Clinic,* 222 F.3d 580, 585 (9th Cir.2000); *see also* 42 U.S.C. § 2000e–5(e).

Footprint asserts that Musa did not timely file his EEOC Complaint after his termination by stating the following: "Plaintiff has not alleged that he complied with the administrative exhaustion requirements by timely filing a charge." (Doc. 13 at 10). Leaving the merits of Footprint's argument to one side, the motion to dismiss stage is the improper time for the Court to decide a statute of limitations defense because it raises a factual question. *See DeSoto Cab Co., Inc. v. Uber Techs., Inc.*, 2018 WL 10247483, at *13 (N.D. Cal. Sept. 24, 2018) ("Where the applicability of a statute of limitations concerns a factual dispute . . . . it is inappropriate to resolve a statute of limitations issue at the motion to

dismiss stage."). Therefore, the Court cannot provide a resolution on the statute of limitations issue Footprint has raised, at this time.

### ii. Exhaustion of Administrative Remedies

The purpose of Title VII's administrative exhaustion requirement is to give employers notice of the claims against them and an opportunity to address these issues before litigation. *See Leong v. Potter,* 347 F.3d 1117, 1122 (9th Cir. 2003). In determining the scope of administrative exhaustion, it is well-established in the Ninth Circuit that a plaintiff's EEOC charge should be construed "with the utmost liberality." *Kaplan v. International Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975). Exhaustion should be found for all claims that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).

Footprint insists that Musa's EEOC Complaint does not provide them with notice of the claims against them. (Doc. 13 at 12–13). However, Musa's three-paragraph EEOC charge describes that he applied for full-time status at Footprint, for a role that he believes he was fully qualified for but did not end up getting because he did not clear his background check. (Doc. 13-1 at 2–3., Ex. A, EEOC and Civil Rights Division Complaint). He stated in his EEOC Complaint that he believes Footprint's background check policy is discriminatory. (*Id.*) He also stated the following: "I believe I have been discriminated against because of my religion and race (American Black), in violation of Title VII of the Civil Rights Act 1964 as amended." (*Id.*) Construed liberally, along with the rest of his EEOC and Civil Rights Division Complaint, Musa's claims for impact and treatment fall within the scope of his EEOC Complaint.

### iii. Proper Service under Rule 4

As a final point, Footprint states that Musa did not properly effectuate service for his Summons or his Complaint because he personally served Footprint's Chief People Officer at its Gilbert office. (Doc. 13 at 13–14). By serving Footprint's Chief People

Officer himself, Footprint contends that Musa violated Rule of Civil Procedure 4, which only allows non-parties over the age of 18 to effectuate service. (*Id.* at 14; *see also* Fed. R. Civ. P. 4(c)(2) (mandating this requirement)).

The Court is required to apply a "liberal and flexible construction" of the service rules, especially when a pro se plaintiff is involved. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). The Court can exercise broad discretion to dismiss the case or retain it but quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). What is not required is dismissal of the action for failure to serve properly if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka*, 739 F.2d at 447.

Here, Footprint has made an appearance in this case. And Footprint does not argue that it did not receive actual notice or that it would suffer any prejudice from the defective service. *Clark v. Washington State Dep't of Health*, 735 F. Supp. 3d 1334, 1349 (W.D. Wash. 2024) (outlining the court's decision-making process in this exact scenario). Musa, on the other hand, would certainly be prejudiced if he had to refile his lawsuit. Good cause also exists to provide Musa with additional time to effectuate service because he made a reasonable effort to complete service within the required time and because his attempt provided Footprint with actual notice of the lawsuit. *Clark*, 735 F. Supp. 3d at 1351. Therefore, the Court will allow Musa more time to effectuate service properly under Federal Rule of Civil Procedure 4.

**V.     Leave to Amend**

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by

amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.' " *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture C*o., 806 F.2d 1393, 1401 (9th Cir. 1986). In sum, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The Court will grant Musa leave to amend count three of his Complaint to state a legally cognizable theory, if he so wishes. Musa's complaint must be amended to address the deficiencies identified above and he must clearly designate on the face of the document that it is the "First Amended Complaint." Musa should tell his case's story in a short and plain manner then state each claim or cause of action a separate count, alleging facts that satisfy all the elements of the claims he is bringing. For example, he must allege a private cause of action to base each of her claims, identify the legal elements to meet that cause of action, and allege sufficient and particularized facts that show how she meets each requisite element.

Musa's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[1] This amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. It must also clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

The Court recommends Musa review the information available in the District

---

[1] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

Court's Handbook for Self-Represented Litigants, which is available online.[2] Musa should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

Accordingly,

**IT IS ORDERED** that Footprint LLC's Motion to Dismiss (Doc. 13) **is granted in part and denied in part.** It is granted as to Count Three of Plaintiff Elseddig Musa's Complaint and denied as to Counts One and Two.

**IT IS FURTHER ORDERED** that Plaintiff is allowed to file a First Amended Complaint for Count Three within **thirty (30) days** of the date this Order is entered.

**IT IS FINALLY ORDERED** that Plaintiff should serve the Summons and his Original Complaint (Doc. 1) on Defendant Footprint LLC in a way that conforms to the requirements of Federal Rule of Civil Procedure 4 and should do so no later than **February 27, 2026.**

Dated this 17th day of February, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

[2] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.